## McCord v. Hanley

*Edward F. Chacker*, for plaintiff.
*David Durben*, for defendant.

KELTON, *J.*, November 24, 1982—This is a comparative negligence automobile accident case brought under the third party tort liability sections of the No-fault Motor Vehicle Insurance Act.[1]

After trial and jury verdict containing special findings on the parties' causal negligence and the damage suffered, a molded verdict of $5,400 was entered by the trial judge.

The questions preserved for post trial review on plaintiff's motion for new trial are:

(1) whether the trial judge erred in refusing to permit the claims representative from plaintiff's own insurance company to testify as to the amounts paid by that company for plaintiff's wage loss claim;

(2) whether the trial judge erred by combining both past and future earnings on the jury's verdict sheet; and

(3) whether the court properly molded the jury's verdict by reducing the lost earnings verdict by $15,000 to reflect the amount plaintiff had received

---

1. Act of 1974, July 19, P.L. 489, 40 P.S. Supp. § 1009.301 (4) and (5).

from his own carrier for work loss benefits under section 202(b)(3) of the act.

We decide against plaintiff on all issues, deny his motion for new trial and enter judgment on the molded verdict.

At the time of the accident defendant and plaintiff were both proceeding north in Penndel Borough on U.S. Route 1, a four lane highway. Defendant was poised to make a left turn from the left north bound lane and because he could not make the turn, he turned back to the right. Plaintiff who was about to pass defendant in the right lane swerved to his right, drove off the road and hit a telephone pole. There was no contact between the two vehicles.

The jury's verdict was returned for plaintiff on a special verdict sheet prepared by the trial judge. They found that plaintiff's causal negligence was 49 percent and that defendant's was 51 percent. The jury found that plaintiff's total past and future loss of earnings (without reduction for his own negligence) was $30,000 and that his pain and suffering, calculated on the same basis, was $10,000.

Post verdict the trial judge molded the verdict as directed by 42 Pa. C.S.A. § 7102 (a) by diminishing the earnings loss award by 49 percent to $15,300 and then subtracting from that amount the $15,000 in work loss benefits[2] plaintiff conceded at side bar that he had already received from his own primary insurance carrier.[3]

---

2. 40 P.S. §§ 1009.1037 and 1009.202(b)(2) defines "work loss" and $15,000 limitation on no-fault work loss benefits.

3. Our order of priority in making the two subtractions differs from the method used by Judge Walsh of Lackawanna County in Viera v. Rennie, 15 D. & C.3d 681 (1979). We believe that his order of priority would result in plaintiff receiving *more* than the "not compensated" loss of section 301(a)(4) of

After diminishing the pain and suffering determination by 49 percent to $5,100, the $300 earnings loss was combined with the pain loss to produce a molded verdict of $5,400.

Plaintiff maintains that he should have been given an opportunity to introduce at trial the testimony of a representative of the plaintiff's no-fault insurance carrier that plaintiff had received the maximum work loss benefit permitted under the No-fault Act. We concluded that putting this issue before the jury in this manner would be prejudicial to defendant because it would have given the jury the impression that plaintiff's claim must be valid or else the insurance company's claims department would not have paid its claim. The prospective witness' opinion as to whether payment of wage loss benefits should have been allowed would have invaded the province of the jury and accordingly we conclude his testimony was properly excluded by the trial judge. Plaintiff was offering testimony on a matter which was not in dispute and his testimony at best would have been cumulative to counsel's sidebar admission.

Next plaintiff contends that the trial judge should have instructed the jury that if the jurors found in favor of plaintiff, they should award him all wage loss benefits "in excess of $15,000."[4] The trial judge refused plaintiff's proposed instruction but arrived at the same result by instructing that should the jury find for plaintiff, its measure of damages would include *all* past and future loss of earnings. The court then molded the verdict post trial.

the act. Under our method, plaintiff receives a total of $15,300 earnings loss from all sources both before and after no-fault. Under the Viera method a plaintiff would receive a windfall.

4. Plaintiff's proposed point No. 12.

The denial of plaintiff's offer of proof and the proposed instruction was in accordance with the suggested loss of earnings instructions of the Civil Instructions Subcommittee. See Pa. SSJI (Civ) §6.01 (subcommittee note):

"It is the Committee's opinion that no modification of the present damage instructions is necessary as a result of the Act. In a case where defendant's liability for damages exists only for the excess over the basic loss benefits the court will enter judgment by subtracting these amounts from the jury's award of damages. This procedure will however require the jury to itemize the damage award under each instruction and enter a separate amount for each rather than returning a lump sum as now provided . . ."

As suggested, the jury's verdict sheet itemized damages by separating past and future loss of earning capacity from noneconomic detriment.

Plaintiff argues that the jury should also have been required to separate past loss of earnings from future loss of earning capacity so that the court would then mold the verdict by subtracting the work loss benefits already received by plaintiff from the jury's award for past loss of earnings only. We disagree with this method of computing the verdict because the amount of the verdict in such cases would fortuitously vary according to the time the case came to trial. Section 301(a)(4) of the No-fault Act provides that a third party defendant ". . . remains liable for loss which is not compensated because of any limitation in accordance with section 202 . . . (b). . . of this Act." The legislature made no distinction in whether such loss had accrued at time of trial or would accrue thereafter. To hold as plaintiff contends would benefit plantiffs who bring their

suits in counties with up to date trial lists and penalize plaintiffs in other counties. Such a result would be absurd and could not have been contemplated by the legislature.

## ORDER

And now, November 24, 1982, plaintiff's motion for a new trial is hereby denied and final judgment entered.